UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

DR. CYRIL N. KENDALL, The World's Most Suigeneris Man,

    Petitioner,

v.

DIRECTOR OF BUFFALO FEDERAL DETENTION FACILITY, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE),

    Respondent.
___

**DECISION AND ORDER**

17-CV-0330 EAW

## **INTRODUCTION**

Petitioner, Dr. Cyril N. Kendall, is a civil immigration detainee currently detained at the Buffalo Federal Detention Facility. Subject to a final order of removal, Petitioner, in a rather confusing and illogical *pro se* Petition, claims that he is in U.S. Immigration and Customs Enforcement custody in violation of his constitutional rights, as more particularly described in the Petition, and seeks relief pursuant to 28 U.S.C. § 2241. (Dkt. 1). Petitioner has also filed a motion to proceed *in forma pauperis* (Dkt. 2), as well as a motion seeking to stay his removal (Dkt. 3).

- 1 -

## DISCUSSION

### I. Motion for Stay of Removal

Petitioner's motion for a stay of his removal is denied on the basis that this Court has no jurisdiction to entertain such a request. *See, e.g., Scott v. Napolitano*, 618 F. Supp. 2d 186, 190 (E.D.N.Y. 2009); *Al-Garidi v. Holder*, No. 09-CV-6160 (DGL), 2009 WL 1439216, at *1 (W.D.N.Y. May 15, 2009); *Morillo v. DHS & Bice Det. Ctr.*, No. 06-CV-340 (NAM)(DEP), 2006 WL 1007645, at *1 (N.D.N.Y. April 17, 2006).

Similarly, to the extent the Petition can be liberally construed to raise a challenge to the final order of removal, this Court also lacks jurisdiction to entertain such a challenge. *See, e.g., De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 615-16 (2d Cir. 2007); *Aime v. Dep't of Homeland Sec.*, No. 05-CV-0544 (RJA), 2005 WL 1971894, *1 (W.D.N.Y. Aug. 16, 2005). The appropriate mechanism and forum for such a challenge is the filing of a petition for review with the appropriate United States Court of Appeals within 30 days after the date of the final order of removal. *See* 8 U.S.C. § 1252(a)(5), (b)(1).

### II. Motion To Proceed *In Forma Pauperis*

The Court therefore has jurisdiction to review only Petitioner's challenge to his current detention pending removal. *See Denis v. DHS/ICE of Buffalo, New York*, 634 F.Supp. 2d 338, 340 n.1 (W.D.N.Y. 2009).

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243. "Under this provision the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906. "The Advisory Committee Notes accompanying Rule 4 explain that under [28 U.S.C.] § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Welch v. Mukasey*, 589 F. Supp. 2d 178, 180 (N.D.N.Y. 2008) (internal quotation marks and citations omitted); *see Garcia v. Dep't of Homeland Sec.*, No. 10-CV-246 (MAT), 2010 WL 1630412, at *1 (W.D.N.Y. Apr. 21, 2010) (dismissing a habeas petition filed pursuant to 28 U.S.C. § 2241), *aff'd*, 422 F. App'x 7 (2d Cir. 2011); *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

"Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (the 'Habeas Rules'), requires a petitioner to, '(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground[.]'" *McNally v. O'Flynn*, No. 10-Civ-00921 (MAT), 2012 WL 3230439, at *2 (W.D.N.Y. Aug. 6, 2012). "[A] habeas claim may be summarily dismissed where the allegations are 'vague, conclusory, or palpably incredible.'" *Morgan v. Lee*, No. 11-Civ-0390 (MAT), 2012 WL 5336167, at *9 (W.D.N.Y. Oct. 26, 2012) (quoting *Dory v. Comm'r of Corr. of State of N.Y.*, 865 F.2d 44, 45 (2d Cir. 1989)).

The instant Petition's allegations are barely coherent. Petitioner appears to claim that he is being held in violation of his constitutional rights on the ground that his prior conviction was unlawfully, fraudulently, or otherwise improperly obtained. (Dkt. 1 at 6-7). It is not at all clear as to why this could be the case, and Petitioner supports this contention with mere conclusory assertions. In addition, Petitioner also seems to contend that his conviction does not exist, (Dkt. 1 at 4-5), and that "the People of the State of New York" have "denied knowledge or information sufficient to form a belief" regarding his arrest, indictment, and subsequent conviction (*id.* at 2). Again, these assertions are unsupported by any coherent factual allegations. Thus, the Court will deny Petitioner's motion to proceed *in forma pauperis*, without prejudice, and summarily dismiss the Petition, without prejudice, due to its vagueness, incoherence, and frivolous nature. *See McNally*, No. 10-Civ-00921 (MAT), 2012 WL 3230439, at *2; *Morgan*, No. 11-Civ-0390 (MAT), 2012 WL 5336167, at *9; *see also Gonzalez v. Hollingsworth*, No. CIV. 15-2993 (RBK), 2015 WL 4094613, at *2 (D.N.J. July 7, 2015). Petitioner will be permitted to refile a habeas petition within thirty (30) days of this Order, containing the proper degree of detail and clarity to satisfy the pleading requirements and to permit the Court to understand the nature of Petitioner's claims. If Petitioner elects to do so, the Court will reopen Petitioner's action and screen the newly filed petition.

## ORDER

IT IS HEREBY ORDERED that Petitioner's application for stay of removal is hereby DENIED, with prejudice;

FURTHER, that Petitioner's application to proceed *in forma pauperis* is hereby DENIED, without prejudice;

FURTHER, that Petitioner's habeas petition is DISMISSED, without prejudice;

FURTHER, that if Plaintiff wishes to reopen this action, he shall notify the Court, in writing, no later than thirty (30) days from the date of this Order; Plaintiff's writing shall include a new habeas petition that satisfies the pleading requirements; and

FURTHER, that upon Plaintiff's submission of a new habeas petition, the Clerk of Court shall re-open this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

DATED:	June 14, 2017
	Rochester, New York